IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,389-01 & -02






EX PARTE DANIEL DONGRELE LINDLEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 819779 AND IN 819780 THE 8TH DISTRICT COURT


FROM HOPKINS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant's counsel alleges Applicant was
convicted of two counts of attempted capital murder and sentenced to forty-five years'
imprisonment. The district clerk erroneously submitted these applications to this Court without
waiting the statutorily required time periods for the State's attorney to file a response or the trial
court to enter any orders or to make any findings of fact or conclusions of law, and did not attach any
documentation from the alleged convictions.

 Applicant contends that he was denied his right to appeal from these convictions because
counsel appointed for appeal was not notified of that appointment until more than two months after
Applicant was sentenced, so notices of appeal were not timely filed. Applicant has alleged facts that,
if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for making findings of fact. The trial
court shall determine whether Applicant was timely advised of his right to appeal or indicated a
desire to appeal these convictions, whether notices of appeal were timely filed, or why any such
notices were not filed. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 The trial court shall make findings of fact as to whether Applicant was denied his right to
meaningful appeals or whether any appeal is currently pending. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The District Clerk shall
supplement the record with copies of the indictment or information, any orders deferring
adjudication of guilt, any motions to adjudicate guilt, the judgments of conviction, and the docket
sheets for cause numbers 819779 and 819780. Any extensions of time shall be obtained from this
Court. 

Filed: March 11, 2009

Do not publish